THE STATE, EX REL. BENTON'S VILLAGE SANITATION SERVICE, INC., APPELLANT, *v.* USHER ET AL., APPELLEES.

(No. 72-704—Decided April 25, 1973.)

60

*Messrs. Harkins & Reckless, Mr. Walter W. Reckless, Messrs. Cobourn, Smith, Rohrbacher & Gibson* and *Mr. Fred A. Smith,* for appellant.

*Mr. Daniel T. Spitler,* prosecuting attorney, and *Mr. Robert W. Maurer,* for appellees.

O'NEILL, C. J.   It is axiomatic that "the writ of mandamus must not be issued where there is a plain and adequate remedy in the ordinary course of the law."   R. C.

2731.05. The majority of the Court of Appeals held that such an adequate remedy at law is available to appellant by way of appeal under R. C. Chapter 2506.

R. C. 2506.01 provides that "every final order, adjudication, or decision" of an administrative body is appealable to the Common Pleas Court. However, this statute also provides that "a 'final order, adjudication, or decision' does not include * * * any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *."

Obviously, a refusal to act does not determine any rights, duties, privileges, benefits, or legal relationships of the appellant; and, therefore, appeal under R. C. Chapter 2506 is not available. That is not to say that appellant is entitled to the relief it demands, i. e., "that an alternative writ of mandamus issue immediately ordering Usher and all other respondents to forthwith issue Benton a license * * *."

Mandamus will lie to compel an administrative officer or board to exercise discretion, but it will not lie to control discretion. See, e. g., State, ex rel. Masters, v. Beamer (1923), 109 Ohio St. 133, 141 N. E. 851; State, ex rel. Middltown, v. City Comm. (1942), 140 Ohio St. 368, 44 N. E. 2d 459; State, ex rel. Scott, v. Masterson (1962), 173 Ohio St. 402, 183 N. E. 2d 376. Thus, for "refusal to act" appellant would be entitled to a writ of mandamus compelling the appellees to consider appellant's application for a license and to either grant the license or enter upon their records an order denying the license. Should the appellees deny the license, appellant would then have an adequate remedy at law by way of appeal under R. C. Chapter 2506.* Such right to appeal is specifically provided by R.

---

*Appellant's brief discloses that the Court of Appeals has granted, in a later action, a writ of mandamus compelling the appellees to exercise their discretion. Apparently, the appellees have entered upon their records an order denying the license and appellant has filed an appeal in the Common Pleas Court of Wood County pursuant to R. C. 3734.09 and R. C. Chapter 2506.

C. 3734.09 from any "denial of a license," and is the exclusive remedy to which appellant would be entitled. See, *State, ex rel. Ingerson,* v. *Berry* (1863), 14 Ohio St. 315; *State, ex rel. Coury,* v. *Ohio Bell Telephone Co.* (1961), 172 Ohio St. 309, 175 N. E. 2d 511.

This court will not, however, grant the writ of mandamus to control the discretion of an administrative body. For this reason, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and GRAY, JJ., concur.

GRAY, J., of the Fourth Appellate District, sitting for P. BROWN, J.