**NEIMAN, Appellant,**

v.

**DONOFRIO, Appellee, et al.**

[Cite as *Neiman v. Donofrio* (1992), 86 Ohio App.3d 1.]

Court of Appeals of Ohio,
Summit County.

No. 15626.

Decided Dec. 2, 1992.

2

*Robert E. Neiman, pro se.*

*Lynn Slaby,* Summit County Prosecuting Attorney, and *Patricia A. Cosgrove,* Assistant Prosecuting Attorney, for appellee.

CACIOPPO, Judge.

Relator-appellant, Robert E. Neiman, is the owner of real property in Summit County, Ohio. Appellant is delinquent in the payment of real estate taxes. In November 1991, appellant was notified that foreclosure proceedings were being instituted to collect the delinquent taxes. On February 5, 1992, appellant applied to respondent-appellee, John Donofrio, Summit County Treasurer, to enter into an installment contract to pay his delinquent taxes. Appellee denied this request.

On February 6, 1992, appellant filed for a writ of mandamus to compel appellee to allow appellant to pay his delinquent taxes under an installment plan. Appellee moved for summary judgment or, alternatively, dismissal, on February 18, 1992. On March 9, 1992, the trial court granted the motion and dismissed appellant's case. Neiman appeals, asserting two assignments of error. We affirm.

### Assignment of Error I

"The trial court committed error by granting summary judgment when there existed a genuine issue of material fact as to the interpretation and use of the word 'may' in O.R.C. 323.31."

Appellant asserts in his first assignment of error that summary judgment was not appropriate because there is a genuine issue of material fact as to the meaning of the word "may" in R.C. 323.31. We do not agree.

██ The statute in question, R.C. 323.31, states in pertinent part:

"(A)(1) Delinquent taxes charged against any entry of real estate may be paid pursuant to this division by the person who owns the real property or is a vendee in possession under a purchase agreement or land contract after entering into a written undertaking with the county treasurer in a form prescribed or approved by the tax commissioner. The undertaking may be entered into at any time prior to the county prosecuting attorney's commencement of foreclosure proceedings pursuant to section 323.25 or 5721.18 of the Revised Code, or commencement of foreclosure and forfeiture proceedings pursuant to section 5721.14 of the Revised Code. * * * "

Appellant asserts that there exists a genuine issue of material fact as to the meaning of the word "may" in this statute. We do not agree that this is a question of fact.

The interpretation to be afforded words in a statute are questions of law for the court, not questions of fact. For example, in *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 107, 56 O.O.2d 58, 60, 271 N.E.2d 834, 837, the Supreme Court of Ohio interpreted the meaning of the word "may" in a statute as a matter of law, not fact. See, also, *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 105, 2 OBR 653, 655, 443 N.E.2d 161, 164. The trial court did not err by granting summary judgment.

The first assignment of error is not well taken.

### Assignment of Error II

"Assuming, arguendo, that the use of the word 'may' in O.R.C. 323.31 vests in the defendant discretionary authority, the trial court committed error by granting summary judgment where there existed a genuine issue of material fact as to the abuse of discretion by the defendant, warranting mandamus."

Appellant asserts in his second assignment of error that the trial court erred by not granting the writ of mandamus. We do not agree.

In order for a writ of mandamus to issue, the relator must demonstrate (1) a clear legal right to the relief prayed for; (2) respondent is under a clear legal duty to perform the act; and (3) relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 80, 526 N.E.2d 786, 787. After reviewing the record, we find that the trial court did not err because appellant failed to establish either the first or second prong of the above test.

Mandamus will not lie to compel a government official to perform a discretionary act. See, *e.g., State ex rel. Benton's Village Sanitation Serv. v. Usher* (1973), 34 Ohio St.2d 59, 63 O.O.2d 90, 295 N.E.2d 657. In the case at bar, R.C. 323.31 utilizes the word "may." The Supreme Court of Ohio has held that the "statutory use of the word 'may' is generally construed to make the provision in which it is contained optional, permissive, or *discretionary* * * *." (Emphasis added and citation omitted.) *Dorrian,* 27 Ohio St.2d at 107, 56 O.O.2d at 60, 271 N.E.2d at 837. This general rule is altered only when the language or policy of the statute would require an unusual interpretation. *Id.*

In the case at bar, Neiman failed to introduce any evidence which would suggest that the language or policy of the statute would require an unusual interpretation. After researching this question, we have found nothing which

would indicate anything other than that the general rule should apply. Therefore, we find that the statute is discretionary. Mandamus will not lie to compel a discretionary act. Accordingly, the trial court did not err in dismissing appellant's complaint.

The second assignment of error is not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.