JOURNAL ENTRY AND OPINION
Appellant Debra I. Roth claims Domestic Relations Judge Timothy M. Flanagan erred when he adopted the decision of Magistrate Ann Weatherhead and entered the judgment which denied her five motions for attorney fees, three motions to hold appellee Mark B. Schildhouse in contempt of court, and one motion for sanctions. Among other issues, she contends the judge erred: in making specific evidence of income and expenses a necessary predicate to an award of attorney fees in an action to modify child support; in amending the provisions of Civil Rule 37 with Local Rule 21; and in failing to consider the parties' income information submitted in support of her motion to modify child support as evidence on the question of attorney fees. We affirm in part, reverse in part and remand.
The couple divorced on March 6, 1992. The Shared Parenting Plan required Schildhouse to pay $692.86 per month to Roth for the support of their two minor children. On July 12, 1995, Roth filed a Motion to Modify Child Support and Motion for Attorney Fees, and sent a copy of that document, together with a Request For Production of Documents, to Schildhouse. When she did not receive the requested discovery, she filed a Motion to Compel Discovery and a Motion for Attorney Fees on October 31, 1995. In her supporting brief, Roth requested that Schildhouse be ordered to produce the requested discovery, impose sanctions under Civ.R. 37(B), and award attorney fees pursuant to Civ.R. 37(D). The motion was not opposed and, on September 19, 1995, the judge granted the motion, ordering Schildhouse to produce the documents and passing on the Motion for Attorney Fees until final hearing.
When Schildhouse did not obey the order, Roth filed a Motion to Hold Defendant in Contempt of Court, a Motion for Rule 37 Sanctions, and a Motion for Attorney Fees, and requested sanctions and attorney fees under Civ.R. 37(B)(2), on October 13, 1995. Schildhouse, again, did not oppose the motion but, on October 16, 1995, did provide a portion of the requested documentation.
At his February 26th, 1996 deposition, Schildhouse produced more information and agreed to provide additional documents regarding his finances. When that promise was not fulfilled, Roth filed a Motion to Compel, a Motion to hold Defendant in Contempt of Court, a Motion for Rule 37 Sanctions, and a Motion for Attorney Fees on March 14, 1996. In this motion, Roth requested that the judge order Schildhouse to produce the information he had promised at the February 26th deposition and order him to pay attorney fees, hold Schildhouse in contempt and award both the sanctions provided under Civ.R. 37(B)(2) and attorney fees. Once again, Schildhouse did not file a response.
By journal entry dated June 3, 1996, the parties agreed Schildhouse would provide, by June 26, 1996, a copy of the loan application for the purchase of his current residence and copies of all his canceled checks written on his personal checking account since June 1, 1995. They further agreed that all discovery would be complete by June 31, 1996.
When none of the foregoing documents were received, Roth filed a Motion for Contempt and a Motion for Attorney Fees on July 10, 1996. Roth attached to her motion a copy of a fax sent to her attorney from Schildhouse's attorney which provided in pertinent part: I am waiting for you to make arrangements to inspect the documentation at my office as it relates to checks and the loan application of Mr. Schildhouse. Roth contended that this did not constitute compliance with the agreed journal entry.
On December 18, 1997, Roth withdrew her October 13, 1995 and March 14, 1996 motions for sanctions, and the parties filed their agreed judgment entry and support agreement approved by the judge as it applied to Roth's July 12, 1995 Motion to Modify Support. The parties agreed that Schildhouse would pay support in the amount of $1,210 per month plus a 2% administrative fee. They stipulated as to the reasonable hourly rate of each counsel and the income of both parties for the preceding three-year period and agreed that costs would be passed to a final hearing. They also reserved the issue of attorney fees for final hearing.
The hearings on Roth's attorney fee motions and Schildhouse's motion for attorney fees based upon Roth's alleged failure to provide discovery were held before the magistrate on January 16 and 21, 1997 and June 10, 1997. Neither party appeared and the only testimony taken was that of Roth's attorney and Schildhouse's attorney. Eight months later, on February 2, 1998, the magistrate issued her written decision. In her conclusions of law, she determined that it was not necessary to reach the issue of whether either or both parties had violated discovery orders. She concluded that the mandatory language of Civ.R. 37, which requires the trial court to award a moving party the reasonable expenses, including attorney fees, in procuring an order to aid in the discovery process, must be read in conjunction with R.C.3105.18(H), which requires a determination of the ability to pay attorney fees, and Loc.R. 21 of the Cuyahoga County Court of Common Pleas, Domestic Relations Division (D.Loc.R. 21"), which requires evidence of the parties' respective income and expenses at final hearing. The requirements of R.C. 3105.18(H) and Loc.R. 21, she concluded, provides the court with a basis upon which to determine what `reasonable' fees are in the context of the litigation. * * * [T]he court cannot determine what constitutes a `reasonable' sanction absent evidence of the parties' incomes and expenses. She pointed out that neither party had complied with statute or local rule which mandate disclosure of the parties' financial situation. While the agreed judgment entry and documents procured in discovery proceeding may have been available in the court file, Loc.R. 21 specifically requires the evidence to be presented. To require the court to search the court file for the evidence which it deems necessary to resolve an issue would obviate the need for any hearings. As a result, she denied both parties' motions, and equally allocated costs.
Roth filed her objections to the magistrate's decision on June 15, 1998. Five months later, on November 2, 1998, Judge Flanagan issued his judgment entry overruling the objections and adopting the decision of the magistrate. This appeal followed.
We will address Roth's assignments of error in a slightly different order than presented. In her first assignment of error, Roth asserts:
 I. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN RULING THAT OHIO REV. CODE S3105.18(H) MANDATES SPECIFIC EVIDENCE OF INCOME AND EXPENSES AS A NECESSARY PREDICATE TO AN AWARD OF ATTORNEY FEES IN AN ACTION TO MODIFY CHILD SUPPORT.
Roth contends that R.C. 3113.219, which does not require evidence of income and expenses, applies to the present action because it relates to child support issues and not R.C. 3105.18(H) because it addresses spousal support only.
Schildhouse concedes that the magistrate relied upon the wrong code section, but asserts that this court should substitute its judgment for that of the magistrate and, thereby, agree that the award of attorney fees is not appropriate.
R.C. 3113.219(B), which allows a domestic relations judge to award either party attorney fees and costs, applies to proceedings for the modification of child support whereas R.C. 3105.08(H) does not. Therefore, both the magistrate and judge erred in applying R.C. 3105.08(H) to this action. Roth's first assignment of error is sustained.
Roth's third assignment of error states:
 III. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN AMENDING THE PROVISIONS OF CIVIL RULE 37 WITH LOCAL RULE 21.
Roth argues that the judge amended Civ.R. 37(D) by grafting onto it the requirements of D.Loc.R. 21 which requires that the wronged party show need or prove that the wrongdoer has the ability to pay sanctions for discovery abuses. If that was the case, she argues, a wealthy party could never recover attorney fees for discovery abuses and persons of limited means could engage in such conduct without fear of financial detriment. A conclusion that a domestic relations judge cannot award attorney fees as sanctions under Civ.R. 37(D) for discovery abuses without evidence of income and expense, she asserts, is contrary to law.
Schildhouse counters that Roth failed to show that he engaged in discovery abuses and the magistrate made no finding on that question. In addition, he contends that Civ.R. 37(D) and D.Loc.R 21 must be read together; they are not, as Roth contends, inconsistent.
A trial judge interprets the meaning of a court rule as a question of law, not as a question of fact. Cf. Neiman v. Donofrio (1992), 86 Ohio App.3d 1, 3, 619 N.E.2d 1117 (trial judge interprets statute as a question of law). An appellate court reviews questions of law de novo, without deference to the decision of the judge. See Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, 686, citing Ohio Bell Tel. Co. v. Pub. Util. Comm. (1992), 64 Ohio St.3d 145, 147,593 N.E.2d 286, 287.
Civ.R. 37(D) and D.Loc.R. 21 serve different purposes. Civ.R. 37 specifically addresses sanctions for failure to provide discovery. Subdivision (D) provides in pertinent part:
 If a party * * * fails * * * to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
 The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by Rule 26(C).
Subdivision (D) of Civ.R. 37 complements subdivision (A). Civ.R. 37 (1994), staff notes, n. 5, citing Wright, Federal Courts 394 (2d Ed. 1970). While Civ.R. 37(A) is concerned with compelling discovery, subsection (D) is concerned with the immediate application of sanctions against non-complying parties or persons. Id.
D.Loc.R. 21, on the other hand, sets forth the procedural requirements of making a request for attorney fees to either prosecute or defend an action under the jurisdiction of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. It also addresses the type of evidence the court requires to render a decision awarding attorney fees for such defense or prosecution of the action. While it contemplates complications in defending or prosecuting the action brought on by problems with completing discovery as a basis of providing attorney fees, it is but one factor in determining the amount of an attorney fee relative to time expended. D.Loc.R. 21(B)(2)(c). It does not contemplate awarding sanctions for discovery abuses. Cf. Villa v. Villa (May 14, 1998), Cuyahoga App. No. 72709, unreported. (D.Loc.R. 21(B) does not apply to action in contempt for failing to pay spousal support under R.C. 3105.18(H)).
Therefore, a party who might not be awarded attorney fees for prosecuting or defending a domestic relations action under the provisions of D.Loc.R. 21(B) might be entitled to sanctions, including attorney fees, occasioned by the discovery abuses of the other party under Civ.R. 37. Cf. Seagraves v. Seagraves (1997),125 Ohio App.3d 98, 103, 707 N.E.2d 1165 (implies that attorney fees awarded under R.C. 3105.18(H) are distinct from those awarded pursuant to frivolous conduct statute, R.C. 2323.51). As noted above, the award of reasonable expenses and attorney fees caused by the non-moving party's failure to serve a written response to a request for inspection is mandatory unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. Civ.R. 37(D). The judge, therefore, erred when he adopted the magistrate's decision in which she concluded that Roth's failure to present evidence of the parties' respective incomes and expense precluded an award of attorney fees for alleged discovery abuses. Roth's third assignment of error is sustained.
This conclusion does not end our inquiry because Roth filed various motions requesting contempt and evidentiary sanctions including attorney fees. With regard to the Civ.R. 37 motions, only the attorney fees requested in conjunction with the September 19, 1995 Motion to Compel are subject to consideration upon remand. Roth withdrew her October 13, 1995 and March 14, 1996 discovery related motions and, therefore, the attorney fees associated with those motions are not subject to consideration upon remand.
As to the second and fifth assignments of error:
 II. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN RULING THAT DOMESTIC RELATIONS LOCAL RULE 21 MANDATES THE ADMISSION OF EVIDENCE OF INCOME AND EXPENSE AS A NECESSARY PREDICATE TO AN AWARD OF ATTORNEY FEES IN AN ACTION TO MODIFY CHILD SUPPORT.
 V. THE COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE CHILD SUPPORT GUIDELINE WORKSHEETS, THE INCOME/EXPENSE STATEMENTS, AND THE STIPULATIONS OF THE PARTIES SUBMITTED IN SUPPORT OF THE MOTION TO MODIFY CHILD SUPPORT AS EVIDENCE IN SUPPORT OF THE MOTION FOR ATTORNEY FEES.
Here Roth contends that during the resolution of her Motion to Modify Child Support, the parties submitted the mandatory Child Support Guideline Worksheet, Income and Expense statements, including detailed stipulations regarding the income of each. She asserts an abuse of discretion in refusing to consider this information because this evidence was properly before the court for its consideration.
Schildhouse points out that even though R.C. 3105.18 does not apply, D.Loc.R. 21(B)(4) controls and evidence of the parties' respective income and expenses must be disclosed during the hearing in order to support an award of attorney fees. He contends that, despite the fact that income information for each party became part of the agreed judgment entry on the child support modification, Roth's attorney failed to disclose this information at the final hearing on the motion. Schildhouse contends that Roth's position emasculates D.Loc.R. 21 because it would place the burden on the court to look to the contents of proceedings that are separate from a hearing on fees every time a party fails to provide the mandated information, something not contemplated by D.Loc.R. 21. Therefore, Schildhouse argues, the magistrate rendered a correct decision and the judge did not err.
It is well settled that D.Loc.R. 21(B) applies to attorney fees to prosecute or defend an action before the domestic relations court, such as Roth's motion for modification of child support, and evidence of income and expense must be provided. Roth's second assignment of error must be overruled.
Roth's issue on whether the magistrate and judge abused their discretion in refusing to consider evidence submitted at the hearing on the motion to modify child support when determining whether to grant attorney fees, however, has merit.
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. [Citations omitted.] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
Subdivision (B) of D.Loc.R. 21 provides as follows:
 At the time of the final hearing on the motion or pleading that gives rise to the request for attorney fees, the attorney seeking such fees shall present:
 (1) an itemized statement describing the services rendered, the time for such services, and the requested hourly rate for in-court time and out-of-court time;
 (2) testimony as to whether the case was complicated by any or all of the following:
(a) new or unique issues of law:
 (b) difficulty in ascertaining or valuing the parties' assets;
(c) problems with completing discovery;
 (d) any other factor necessitating extra time being spent on the case.
 (3) testimony regarding the attorney's years in practice and experience in domestic relations cases; and
 (4) evidence of the parties' respective income and expenses, if not otherwise disclosed during the hearing.
Subdivision (D) further provides that the [f]ailure to comply with the provisions of this rule shall result in the denial of a request for attorney fees, unless jurisdiction to determine the issue of fees is expressly reserved in any order resulting from the hearing.
Contrary to the conclusion of the magistrate, nothing in this rule precludes evidence presented [a]t the hearing on the motion * * * that gives rise to the request for attorney fees from being considered as evidence of the parties' respective income and expenses when jurisdiction to determine the issue of fees is expressly reserved in any order resulting from the hearing. Rather, it implies that such evidence may be considered when jurisdiction has been expressly reserved. The purpose of subdivision (D) is judicial economy: to address related requests for relief, i.e., modification of child support and attorney fees, in one hearing rather than address the issues in separate hearings where the evidence may often times be duplicative of the evidence submitted at an earlier hearing.
In the present matter, the agreed journal entry, as approved by the judge, which incorporated the income of both Roth and Schildhouse for the previous three years, passed the issue of attorney fees to an additional hearing. In that order, the parties specifically agreed on the reasonableness of the respective attorneys' hourly wage. As such, Roth reasonably complied with the requirements of D.Loc.R. 21(B). The decision of the judge and magistrate to ignore the order and the information contained therein was unreasonable, arbitrary and unconscionable. Roth's fifth assignment of error is sustained and the matter is remanded for a new hearing on the merits of attorney fees for the prosecution of the motion to modify child support.
Roth's fourth assignment of error asserts:
 IV. THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FAILING TO RULE THAT THE ISSUE OF INCOME AND EXPENSE WAS WAIVED BY THE DEFENDANT.
Roth argues that Schildhouse waived the issue of income and expense, her need for attorney fees or his inability to pay such, because he failed to inquire of Mrs. Roth as to her expenses and resources. Moreover, she asserts that he failed to present any evidence that he could not afford to pay the attorney fees. Shieldhouse argues that the burden of proof is on the moving party and he had no duty to disprove evidence which was never submitted in the first instance.
Roth fails to cite any authority in support of her assignment of error. We note, however, that nothing in D.Loc.R 21 requires a party opposing a motion for attorney fees to comply with subdivision (B). The fourth assignment of error is without merit.
Based upon the foregoing, this action is affirmed in part, reversed in part and remanded for consideration of the merits of Roth's Motion for Attorney Fees for the prosecution of the Motion to Modify Child Support and the attorney fees associated with the September 19, 1995 Motion to Compel in accordance with this opinion.
It is ordered that the appellant shall recover from the appellee her costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ ANNE L. KILBANE, JUDGE
JOHN T. PATTON, P.J., CONCUR; LEO M. SPELLACY, J., CONCURRING IN JUDGMENT ONLY.