DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court summary judgment entered in favor of Gary Uhrig, defendant below and appellee herein.
Darlene M. Davidson, Jessica Fout, Adam Fout, Shannon Snow, and Joshua Dehus, plaintiffs below and appellants herein,[2] raise the following assignment of error:
 "THE TRIAL COURT ERRED IN FINDING AS A MATTER OF LAW THAT LIABILITY FOR THE NEGLIGENCE OF NATHAN UHRIG CANNOT BE IMPUTED TO DEFENDANT-APPELLEE GARY UHRIG UNDER O.R.C. 4507.07(B)."
The facts in the case at bar are relatively undisputed. On June 8, 1995, Darlene was a passenger in the vehicle her minor daughter, Jessica, was driving. Nathan Uhrig, who was driving his father's (appellee's) vehicle, hit the Davidson vehicle, causing Darlene to sustain injuries.
On October 1, 1998, appellants filed an amended complaint against,inter alia, appellee, both individually and as the legal guardian of Nathan.[3] Appellants alleged, inter alia, that appellee negligently entrusted the vehicle to Nathan and that appellee was liable for Nathan's negligence pursuant to R.C. 4507.07.
On February 10, 1999, appellee filed a motion for summary judgment. In his motion, appellee argued that he was entitled to judgment as a matter of law because he: (1) was not driving the vehicle at the time of the accident; (2) was not present in the vehicle at the time of the accident; (3) did not co-sign his son's driver's license application; and (4) did not negligently entrust the vehicle to his son. In his affidavit attached to his motion, appellee averred: (1) that on the date of the accident, he had not signed Nathan's probationary driver's license or the application for his driver's license; and (2) that he was insured with State Farm Mutual Automobile Insurance Company and that Nathan was an insured under the policy. Appellee thus asserted that R.C. 4507.07 did not impute liability to him.
In opposition, appellants argued that appellee had indeed signed Nathan's driver's license and that R.C. 4507.07(B) imputes Nathan's alleged negligence to appellee. To their memorandum, appellants attached an exhibit showing that appellee signed Nathan's driver's license application on April 5, 1996. Moreover, appellants argued that appellee's bare assertion in the affidavit that he carried automobile liability insurance was insufficient proof to support a motion for summary judgment.
On April 7, 1999, the trial court denied appellee's motion for summary judgment. The trial court noted that appellants' exhibit showed appellee as a co-signer of Nathan's driver's license application. The court further noted that no specific evidence existed that appellee carried automobile liability insurance. The court found appellee's bare allegation insufficient to support the motion for summary judgment. The trial court did, however, grant appellee summary judgment with respect to the negligent entrustment claim. The trial court concluded that appellants failed to set forth any evidence that appellee knew or should have known that Nathan was an incompetent or an inexperienced driver.
On May 4, 1999, appellee filed a Civ.R. 60(A) motion for relief from judgment regarding the trial court's April 7, 1999 decision denying his motion for summary judgment.[4] Appellee claimed that the trial court must have misinterpreted the exhibit purportedly showing that appellee signed his son's driver's license application. Appellee correctly noted that a closer examination of the exhibit revealed that while appellee signed the application, he did so on April 5, 1996, almost one year after the date of accident. Appellee thus asserted that at the time of the accident he had not signed the application. Thus, R.C. 4507.07 could not be used to impute liability.
On February 17, 2000, the trial court reconsidered its earlier pronouncement and agreed with appellee that R.C. 4507.07(B) did not apply. Appellants filed a timely notice of appeal.
In their sole assignment of error, appellants assert that the trial court erred by granting summary judgment in appellee's favor. Appellants assert that pursuant to R.C. 4507.07, appellee is jointly and severally liable with his minor son for the damage appellants allegedly suffered. Appellants contend that it is irrelevant that appellee did not sign the application for his son's driver's license until after the accident had already occurred.
Appellee contends that it would be absurd to adopt appellants' position. Appellee contends that a common sense reading of the statute reveals that the statute imputes liability for negligent conduct occurring after, not before, the parent signs the application. Any other reading, appellee maintains, is simply illogical. We agree with appellee.
Initially, we note that when reviewing a trial court's decision regarding a motion for summary judgment, an appellate court conducts ade novo review. See, e.g., Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704,711, 622 N.E.2d 1153, 1157; Moorehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786, 788. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56(C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g., Vahila v. Hall (1997), 77 Ohio St.3d 421,429-30, 674 N.E.2d 1164, 1171.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56(E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Consequently, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56(C), that a genuine issue of material fact remains for trial. A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
In the case at bar, no factual dispute exists. Rather, the dispute concerns the interpretation of a statute, a question of law. Neiman v.Donofrio (1992), 86 Ohio App.3d 1, 3, 619 N.E.2d 1117. An appellate court reviews questions of law de novo. See Nationwide Mut. Fire Ins. Co. v.Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, 686.
 "In enacting a statute, it is presumed that * * * [a] just and reasonable result is intended." R.C. 1.47. "A statute should be given that construction * * * which will accord with common sense and reason and not result in absurdity or great inconvenience." Prosen v. Duffy (1949), 152 Ohio St. 139, 87 N.E.2d 342, paragraph one of the syllabus; see, e.g., State ex rel. Brecksville Educ. Ass'n, OEA/NEA v. State Emp. Rel Bd. (1996), 74 Ohio St.3d 665, 671, 660 N.E.2d 1199, 1204. "The General Assembly is presumed not to intend any ridiculous or absurd results from the operation of a statute which it enacts, and, if reasonably possible to do so, statutes must be construed so as to prevent such results." State ex rel. Haines, v. Rhodes
(1958), 168 Ohio St. 165; see, also, Crowl v. DeLuca
(1972), 29 Ohio St.2d 53, 278 N.E.2d 352; Paulus v. Paulus (1994), 95 Ohio App.3d 612, 643 N.E.2d 165.
With the foregoing principles in mind, we turn to the language of the statute. R.C. 4507.07 provides:
(A) The registrar of motor vehicles shall not grant the application of any minor under eighteen years of age for a probationary license, or restricted license, unless the application is signed by one of his parents, his guardian, other person having custody of the applicant, or, if there is no parent or guardian, by a responsible person who is willing to assume the obligation imposed under this section.
At the time a minor under eighteen years of age submits an application for a license at a driver's license examining station, the adult who signs the application shall present identification establishing that he is the individual whose signature appears on the application. The registrar of motor vehicles shall prescribe, by rule, the types of identification that are suitable for the purposes of this paragraph. If the adult who signs the application does not provide identification as required by this paragraph, the application shall not be accepted.
When a minor under eighteen years of age applies for a probationary license or restricted license, the registrar of motor vehicles shall give the adult who signs the application notice of the potential liability that can be imputed to the adult pursuant to division (B) of this section and notice of how the adult can prevent any liability from being imputed to him pursuant to division (B) of this section.
(B) Any negligence, or willful or wanton misconduct, that is committed by a minor under eighteen years of age when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of the minor for a probationary license or restricted license, which person shall be jointly and severally liable with the minor for any damages caused by the negligence or the willful or wanton misconduct. This joint and several liability is not subject to division (D) of section 2315.19 of the Revised Code with respect to a negligence claim that otherwise is subject to that section.
There shall be no imputed liability imposed under this division, if a minor under eighteen years of age has proof of financial responsibility with respect to the operation of a motor vehicle owned by the minor or, if the minor is not the owner of a motor vehicle, with respect to the minor's operation of any motor vehicle, in the form and in the amounts as required under Chapter 4509. of the Revised Code.
(C) Any person who has signed the application of a minor under eighteen years of age for a license may thereafter surrender to the registrar the license or temporary instruction permit of the minor and request that the license or permit be canceled. The registrar shall then cancel the license or temporary permit, and the person who signed the application of the minor shall be relieved from the liability imposed by division (B) of this section.
We agree with the trial court that a common sense reading of the statute leads to the conclusion that liability is imputed to the parent or guardian who signed the application for those negligent acts occurring on or after the date of signing. Any other reading of the statute would produce an unreasonable and absurd result. Part of the statute's purpose is to inform the parent or guardian about the ramifications of signing the application and to gather the parent's or guardian's assent to be held jointly and severally liable for the minor's subsequent negligent acts. By signing the minor's application, the signor assents to be held jointly and severally liable for the minor's subsequent negligent acts. By signing the minor's application, the signor expresses no willingness to be held liable for accidents occurring prior to date of signing. We agree with the trial court that the only logical reading of the statute is that the parent who signs the application is liable for accidents that occur on or after that date.[5]
Accordingly, we overrule appellants' sole assignment of error and affirm the trial court's judgment.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ Peter B. Abele, Presiding Judge
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[2] This case was reassigned from Judge Evans to Judge Abele on February 7, 2001.
[3] On April 9, 1999, appellants filed a second amended complaint naming Nathan Uhrig as an additional defendant.
[4] Although styled a "motion for relief from judgment" under Civ.R. 60(A), we note that Civ.R. 60 applies to "judgments" and that the trial court's April 7, 1999 decision was not a "judgment." Because no "judgment" regarding appellee's summary judgment motion existed as of May 4, 1999, a motion for reconsideration would have been the proper procedural device for appellee to have sought relief. See, generally,Vanest v. Pillsbury (1997), 124 Ohio App.3d 525, 706 N.E.2d 825, discretionary appeal not allowed (1998), 81 Ohio St.3d 1515,692 N.E.2d 620.
[5] Unless, of course, the signor complies with R.C. 4507.07(C).