[Cite as *State ex rel. Ames v. Rootstown Twp. Bd. of Trustees*, 2020-Ohio-3331.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2019-P-0086** |
| ROOTSTOWN TOWNSHIP BOARD OF TRUSTEES, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator).

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent, Portage County Court of Common Pleas).

*James F. Mathews,* and *Andrea K. Ziarko,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, OH 44720 (For Respondents, Rootstown Township Board of Trustees and Rootstown Township Fiscal Officer).

PER CURIAM.

{¶1} Relator, Brian M. Ames, has filed a petition for writ of mandamus alleging that Respondent Rootstown Township Board of Trustees ("the Board") has violated Ohio's Open Meetings Act and that Respondent Portage County Court of Common Pleas has refused to "perform the acts that R.C. 121.22(I) specially enjoins as a duty resulting

from its office by recusing from all cases brought pursuant to the OMA since June 28, 2016." He specifically asks this court to:

{¶2} (1) Render judgment for Relator finding that the Board has violated the provisions of R.C. 121.22(G) and R.C. 121.22(C) as set forth in Counts 1 and 2.

{¶3} (2) Allow the issuance of a writ of mandamus to compel Respondents Rootstown Township Board of Trustees and Rootstown Township Fiscal Officer to prepare, file, and maintain full and accurate minutes for its meetings of April 10, 2018 and August 28, 2018 and to conduct all meetings in public, except for properly called executive sessions.

{¶4} (4) [sic] Award all costs and attorney fees pursuant to R.C. 2731.11 and 149.43(C).

{¶5} (5) [sic] Allow the issuance of a writ of mandamus to compel Respondent Common Pleas to perform the acts that R.C. 121.22(I) specially enjoins as a duty resulting from its office.

{¶6} Relator has previously filed a mandamus action seeking declaratory judgment and injunction under R.C. 121.22 in *State ex rel. Ames v. Rootstown Township Board of Trustees,* Portage County Court of Common Pleas case number 2019CV000180. In his present petition, relator asserts the same claims and seeks similar relief as his initial action.

{¶7} Nevertheless, relator argues he is entitled to bring this action in mandamus in this court pursuant to *State ex rel. Long v. Cardington Village Council,* 92 Ohio St.3d 54 (2001), which states "[a]n action for a mandatory injunction is an extraordinary remedy that does not preclude a writ of mandamus to enforce the Sunshine Law or Public Records Act." *Id.* at 60. That particular point of law is inapplicable in this action, however, as relator has already filed a mandamus action in case number 2019CV000180. *Long* does not permit a relator to bring two actions in mandamus in two separate courts

2

simultaneously. Indeed, if this was permissible, it would create the potential for inconsistent rulings.

{¶8} Instead, according to the jurisdictional priority rule, "between state courts of concurrent jurisdiction, the authority of the court which first properly acquires jurisdiction of a matter continues until the matter is completely and finally adjudicated." *In re Adoption of Stojkov*, 11th Dist. Trumbull Nos. 2001-T-0114 and 2001-T-0115, 2002-Ohio-631, 2002 WL 234281 (Feb. 14, 2002), citing *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 429 (2001). Therefore, as relator first sought relief in the Portage County Court of Common Pleas, at the time of the filing of this action the trial court had jurisdiction over this matter. We note, however, that while the record before us does not indicate the case has been concluded in the trial court, relator has filed an appeal in this court of *State ex rel. Ames v. Rootstown Township Board of Trustees,* Portage County Court of Common Pleas case number 2019CV000180. Nevertheless, we cannot grant relator the relief he seeks in this action.

{¶9} Furthermore, insofar as relator seeks an order from this court to the trial court to proceed to judgment, a petition for a writ procedendo would be the appropriate vehicle, not a redundant petition for writ of mandamus as relator has filed.

{¶10} In light of the foregoing, respondents' motion to dismiss is granted. Relator's petition is dismissed, and all other pending motions are denied.

TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.

3