[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2022-Ohio-1141.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel. BRIAN M. AMES, | CASE NO. 2022-P-0013 |
| Relator-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| PORTAGE COUNTY BOARD OF COMMISIONERS, | Trial Court No. 2019 CV 00878 |
| Respondent-Appellee. | |

# MEMORANDUM OPINION

Decided: April 4, 2022
Judgment: Appeal dismissed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent-Appellee).

MARY JANE TRAPP, J.

{¶1} Appellant, Brian M. Ames, filed a pro se notice of appeal on February 11, 2022, from an entry in which the trial court denied his motion for summary judgment.

{¶2} Initially, we must determine if there is a final order since we may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order." *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If it is not final, then an appellate court does not have jurisdiction to review the matter, and the matter

must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶3} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶4} Here, Ames is appealing the trial court's January 27, 2022 denial of his motion for summary judgment. The trial court's entry does not fit within any of the categories of R.C. 2505.02. In fact, "[a]n order denying a motion for summary judgment is not a final appealable order." *Hitchcock v. Segedy*, 11th Dist. Geauga Nos. 2009-G-2925 and 2009-G-2926, 2009-Ohio-6035. Further, merely including Civ.R. 54(B) language into an otherwise non-final order does not transform it into a final one. *Jori, L.L.C. v. B2B Internatl., L.L.C.*, 11th Dist. Lake No. 2016-L-046, 2016-Ohio-7162, at ¶ 18.

{¶5} Ames will have a meaningful remedy by way of an appeal once a final order is reached as to all claims and parties when the case is decided and/or dismissed. *See Johnson v. Warren Police Dept.*, 11th Dist. No. 2005-T-0117, 2005-Ohio-6904, at ¶14.

{¶6} This appeal is sua sponte dismissed for lack of a final appealable order.


THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

Case No. 2022-P-0013