[Cite as *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2024-Ohio-1852.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES,<br><br>            Relator-Appellant/<br>            Cross-Appellee,<br><br>    - vs -<br><br>PORTAGE COUNTY BOARD<br>OF COMMISSIONERS,<br><br>            Respondent-Appellee/<br>            Cross-Appellant. | CASE NO. 2023-P-0082<br><br><br>Civil Appeal from the<br>Court of Common Pleas<br><br><br>Trial Court No. 2019 CV 00878 |

# O P I N I O N

Decided: May 13, 2024
Judgment: Affirmed

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH 44260 (Relator-Appellant/Cross-Appellee).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Christopher J. Meduri*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent-Appellee/Cross-Appellant).

MARY JANE TRAPP, J.

{¶1} Relator-appellant/cross-appellee, Brian M. Ames ("Mr. Ames"), appeals the January 27, 2022, judgment of the Portage County Court of Common Pleas denying his motion for summary judgment on his 39-count complaint against respondent-appellee/cross-appellant, Portage County Board of Commissioners ("the board"), and the

court's October 10, 2023, judgment finding in favor of the board on 19 counts following a bench trial.

{¶2} The board cross-appeals from the trial court's October 2023 judgment finding in favor of Mr. Ames on 20 counts.

{¶3} Mr. Ames asserts four assignments of error, contending the trial court erred by denying his motion for summary judgment and by granting partial judgment to the board after trial. The board raises two cross-assignments of error, contending the trial court erred by granting partial judgment to Mr. Ames after trial.

{¶4} After a careful review of the record and pertinent law, we find as follows:

{¶5} (1) Any error in the trial court's denial of Mr. Ames' motion for summary judgment was rendered moot or harmless. Mr. Ames did not face an adverse judgment on 20 of his claims, and the trial court did not deny his motion based on a "pure question of law."

{¶6} (2) The trial court did not err by granting judgment to the board on Mr. Ames' claim alleging that the board failed to establish proper notice rules under R.C. 121.22(F). Mr. Ames presented no evidence at trial showing the unreasonableness of the board's rules.

{¶7} (3) The trial court did not err by granting judgment to the board on count 31 of Mr. Ames' complaint alleging that the board's motion to hold executive session failed to state a permitted purpose under R.C. 121.22(G)(1). Mr. Ames presented no evidence at trial showing that the board did not discuss all the topics stated in its motion, and the board was not legally required to discuss every topic.

2

**{¶8}** (4) The trial court did not err by granting judgment to Mr. Ames on his 20 additional claims under R.C. 121.22(G)(1). It is undisputed that the board's motions expressly included reasons for holding executive sessions that are not statutorily permitted.

**{¶9}** (5) The trial court did not err by granting judgment to the board on Mr. Ames' claims alleging the board failed to keep full and accurate meeting minutes. The fact that the board's motions to hold executive sessions included impermissible reasons did not render the minutes inaccurate.

**{¶10}** Thus, Mr. Ames' assignments of error and the board's cross-assignments of error are without merit, and we affirm the judgments of the Portage County Court of Common Pleas.

## Substantive and Procedural History

**{¶11}** The board is a board of county commissioners established under R.C. 305.01. Mr. Ames is a resident of Randolph Township in Portage County.

**{¶12}** In November 2019, Mr. Ames, pro se, filed a 39-count "verified complaint in declaratory judgment, injunction, and mandamus" in the trial court alleging that the board committed several violations of R.C. 121.22, the Open Meetings Act ("the OMA"), during several meetings the board held in 2018 and 2019. Mr. Ames' claims are summarized as follows:

- In count 1, Mr. Ames alleged the board violated R.C. 121.22(F) by failing to establish, by rule, a reasonable method whereby any person may determine the time, place, and purpose of all special meetings ("the notice rule claim").

3

▪ In 21 counts (counts 2, 4, 6, 8, 10, 11, 13, 15, 17, 19, 21, 23, 25, 26, 27, 29, 31, 33, 34, 36, and 38), Mr. Ames alleged the board violated R.C. 121.22(A) and (G) by holding executive sessions for purposes that are not permitted under R.C. 121.22(G)(1) ("the executive sessions claims").

▪ In 17 counts (counts 3, 5, 7, 9, 12, 14, 16, 18, 20, 22, 24, 28, 30, 32, 35, 37, and 39), Mr. Ames alleged the board violated R.C. 121.22 by failing to keep full and accurate meeting minutes ("the meeting minutes claims").

**{¶13}** Mr. Ames requested findings that the board committed 39 violations of R.C. 121.22; an injunction for each violation "enjoining" the board to comply with R.C. 121.22; a civil forfeiture of $500 for each injunction issued; a declaration that all formal actions resulting from the allegedly improper executive sessions are invalid; an order requiring the board to establish a rule pursuant to R.C. 121.22(F); an order requiring the board to correct its meeting minutes; and an award of court costs and reasonable attorney fees.

**{¶14}** The board filed an answer admitting some factual assertions but denied that its actions violated R.C. 121.22. Following discovery, Mr. Ames moved for summary judgment on all counts, which the board opposed.[1] On January 27, 2022, the trial court filed a judgment entry denying Mr. Ames' motion for summary judgment. Mr. Ames appealed, which this court dismissed sua sponte for lack of a final appealable order in *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 11th Dist. Portage No. 2022-P-0013, 2022-Ohio-1141.

---

1. While his motion was pending, Mr. Ames filed a petition for a writ of procedendo in this court, alleging the trial court had unjustifiably delayed entering final judgment in the underlying case. This court granted Mr. Ames' petition in *State ex rel. Ames v. Pokorny*, 11th Dist. Portage No. 2022-P-0007, 2022-Ohio-1102. Mr. Ames also filed an affidavit in the Supreme Court of Ohio to disqualify the visiting judge from the underlying case and several others. The visiting judge recused, and the Chief Justice denied Mr. Ames' affidavit as moot. The Chief Justice subsequently assigned a new visiting judge.

4

{¶15} The trial court set the matter for a bench trial and filed several pretrial orders, including an order deeming several allegations in Mr. Ames' complaint admitted by the board and prohibiting the board from disputing them. Both parties filed trial briefs.

{¶16} The matter was tried to the bench on October 5, 2023. The trial court separated the 39 counts into three groups for purposes of disposition: (1) the notice rule claim; (2) the executive sessions claims, and (3) the meeting minutes claims. For the notice rule claim, the parties submitted joint exhibit 1, consisting of the board's notice rules for 2018 and 2019. For the executive session and meeting minutes claims, Mr. Ames relied solely on the board's admissions in its answer and pursuant to the trial court's pretrial order. Neither party presented any other exhibits or witness testimony.

{¶17} On October 10, 2023, the trial court filed a judgment entry granting partial judgment to both parties. Specifically, the trial court granted judgment to the board on the notice rule claim, one executive sessions claim (count 31), and the 17 meeting minutes claims. The trial court granted judgment to Mr. Ames on his 20 additional executive sessions claims. The trial court issued an injunction against the board and ordered it to pay a $500 civil forfeiture.

{¶18} Mr. Ames appealed and raises four assignments of error:

{¶19} "[1.] The trial court committed reversible error by denying Mr. Ames' Motion for Summary Judgment.

{¶20} "[2.] The trial court committed reversible error and an abuse of discretion by denying Mr. Ames' Judgment as to Count 1 of the Complaint.

{¶21} "[3.] The trial court committed reversible error and an abuse of discretion by denying Mr. Ames' Judgment as to Count 31 of the Complaint.

5

**{¶22}** "[4.] The trial court committed reversible error and an abuse of discretion by denying Mr. Ames' Judgment as to Counts 3, 5, 7, 9, 12, 14, 16, 18, 20, 22, 24, 28, 30, 32, 35, 37, and 39 of the Complaint."

**{¶23}** The board cross-appealed and raises two cross-assignments of error:

**{¶24}** "[1.] The common pleas court erred as a matter of law in holding the board violated the Open Meetings Act.

**{¶25}** "[2.] The trial court abused its discretion in concluding executive sessions were improperly held when the motions stated a matter permiss[i]ble under R.C. 121.22(G)(1) and the matters considered during the executive sessions were permiss[i]ble under R.C. 121[.]22(G)(1) and there was no allegation nor evidence otherwise."

### Summary Judgment

**{¶26}** In his first assignment of error, Mr. Ames contends the trial court erred by denying his motion for summary judgment.

**{¶27}** We review summary judgment decisions de novo. *Hedrick v. Szep*, 11th Dist. Geauga No. 2020-G-0272, 2021-Ohio-1851, ¶ 13. Summary judgment is appropriate only when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. Civ.R. 56(C).

**{¶28}** The Supreme Court of Ohio has explained that "appellate courts may review a trial court's denial of a motion for summary judgment after an adverse final judgment

6

has been rendered in a case * * *. While any error in the denial of a motion for summary judgment will often be rendered moot or harmless when the trial proceedings show that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion for summary judgment was made, * * * the denial of a motion for summary judgment is not harmless when the denial was predicated on a pure question of law, *see Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 158, 642 N.E.2d 615 (1994)." *Bliss v. Johns Manville*, 172 Ohio St.3d 367, 2022-Ohio-4366, 224 N.E.3d 22, ¶ 14.

{¶29} Here, the trial court rendered favorable judgments to Mr. Ames on all but one of his executive sessions claims. Therefore, he was not subject to an "adverse" judgment on those 20 claims. In addition, the trial court's denial of Mr. Ames' motion for summary judgment was not predicated on a "pure question of law." In its entry, the trial court determined that Mr. Ames "failed to sustain his burden" in establishing his claims, not that he incorrectly stated the applicable law. Accordingly, any error in the trial court's denial of Mr. Ames' motion for summary judgment was rendered moot or harmless.

{¶30} Mr. Ames' first assignment of error is without merit.

## Bench Trial

{¶31} Mr. Ames' remaining assignments of error and the board's cross-assignments of error involve the trial court's determinations following a bench trial. Therefore, we review them collectively.

{¶32} "[O]n appeal from a bench trial we review the trial court's factual findings under the manifest weight standard of review * * *." *Ultimate Salon & Spa, Inc. v. Legends Constr. Group*, 2019-Ohio-2506, 139 N.E.3d 445, ¶ 30 (11th Dist.). "'The [appellate]

7

court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

**{¶33}** By contrast, "the trial court's legal findings are reviewed de novo." *Ultimate Salon* at ¶ 30. De novo review generally means the appellate court independently reviews the record and affords no deference to the trial court's decision. *In re Placement of A.R.V.*, 2016-Ohio-4929, 68 N.E.3d 410, ¶ 12 (11th Dist.).

### Notice Rule Claim

**{¶34}** In his second assignment of error, Mr. Ames contends that the trial court erred by granting judgment to the board on his notice rule claim.

**{¶35}** This claim is based on R.C. 121.22(F), which provides, in relevant part:

**{¶36}** "Every public body, by rule, shall establish *a reasonable method* whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. * * * The rule shall provide that any person, upon request and payment of a reasonable fee, may obtain *reasonable advance notification* of all meetings at which any specific type of public business is to be discussed. Provisions for advance notification may include, but are not limited to, mailing the agenda

8

of meetings to all subscribers on a mailing list or mailing notices in self-addressed, stamped envelopes provided by the person." (Emphasis added.)

{¶37} Mr. Ames argues that the board's notice rules do not comply with R.C. 121.22(F) in three respects. First, the rules state that "notices of upcoming meetings" are posted on the first- and seventh-floor bulletin boards in the county administration building and on the board's calendar at a specified web address. According to Mr. Ames, the bulletin boards are not visible when the building is closed.

{¶38} Second, the rules state that "Executive Sessions will be held pursuant to Ohio Revised Code Section 121.22(D2) [sic] and (G)(1)-(8)." R.C. 121.22(D)(2) provides that "[t]his section does not apply to * * * [a]n audit conference conducted by the auditor of state or independent certified public accountants with officials of the public office that is the subject of the audit[.]" According to Mr. Ames, R.C. 121.22(D)(2) is inapplicable.

{¶39} Third, the rules state that "any person, upon written request, as provided herein, may obtain reasonable advance notification of all meetings at which any specific item appears on the agenda. Each person shall file, with the Clerk, a written request specifying their person's name, address, telephone number and/or email address, along with the specific type of public business that is of interest, and *the amount of time this request covers (not to exceed three months) * * *.*" (Emphasis added.) According to Mr. Ames, R.C. 121.22(F) does not permit the board to impose a three-month limitation on a request for advance notification.

{¶40} As stated, R.C. 121.22(F) references "a *reasonable* method" and "*reasonable* advance notification." (Emphasis added.) Reasonableness is generally a

9

question of fact to be resolved by the trier of fact. *Coleman v. Kindercare Learning Ctr., Inc.*, 10th Dist. Franklin No. 99AP-259, 1999 WL 1267321, *3 (Dec. 30, 1999).

{¶41} In addition, the Supreme Court of Ohio has held that "the statutory provision authorizing citizens to sue public bodies for violations of the OMA [R.C. 121.22(I)(1)] clearly places the burden of proof, or at least the burden of persuasion, on the plaintiff. * * * Therefore, to receive relief, the plaintiff must prove a violation of the OMA. There is no requirement for the public body to conversely prove that no violation occurred." *State ex rel. Hicks v. Clermont Cty. Bd. of Commrs.*, 171 Ohio St.3d 593, 2022-Ohio-4237, 219 N.E.3d 894, ¶ 11.

{¶42} Mr. Ames presented no evidence at trial to show that the above issues rendered the board's rules unreasonable. Thus, there is no basis upon which to conclude that the trial court's judgment in the board's favor is against the manifest weight of the evidence.

{¶43} On appeal, Mr. Ames cites *Specht v. Finnegan*, 149 Ohio App.3d 201, 2002-Ohio-4660, 776 N.E.2d 564, for the legal proposition that "notices of all meetings of any public body must be open to the public at all times." Mr. Ames did not cite *Specht* in his trial brief or at trial; thus, the trial court had no occasion to consider it. *Specht* also does not support Mr. Ames' proposition. In that case, the Sixth District stated, "Clearly, locking the doors to a building in which a public meeting is being held negates the public character of the meeting and is a violation of R.C. 121.22." *Id.* at ¶ 35. The court's conclusion was based on the statutory language in R.C. 121.22(C) that "[a]ll meetings of any public body are declared to be public meetings open to the public at all times." *Id.* at ¶ 34-35. Thus, *Specht* is inapposite.

Case No. 2023-P-0082

**{¶44}** Accordingly, the trial court did not err by granting judgment to the board on Mr. Ames' notice rule claim. Mr. Ames' second assignment of error is without merit.

## Executive Sessions Claims

**{¶45}** In his third assignment of error, Mr. Ames contends that the trial court erred by granting judgment to the board on his executive session claim in count 31. In their two cross-assignments of error, the board contends that the trial court erred by granting judgment to Mr. Ames on his 20 additional executive sessions claims.

**{¶46}** "Ohio's OMA requires all of a public body's official action and deliberations on official business to occur in open meetings 'unless the subject matter is specifically excepted by law.'" *Hicks* at ¶ 13, quoting R.C. 121.22(A). "R.C. 121.22(G) states: '[T]he members of a public body may hold an executive session [1] only after a majority of a quorum of the public body determines, by a roll call vote, to hold an executive session and [2] only at a regular or special meeting [3] for the sole purpose of the consideration of' any of the listed statutory purposes." *Id.*, quoting R.C. 121.22(G).

**{¶47}** R.C. 121.22(G)(1) permits a public body to hold an executive session "[t]o consider [1] the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or [2] the investigation of charges or complaints against a public employee, official, licensee, or regulated individual, unless the public employee, official, licensee, or regulated individual requests a public hearing." This provision further provides that "[i]f a public body holds an executive session pursuant to division (G)(1) of this section, the motion and vote to hold that executive session shall state which one or more of the approved purposes listed in division (G)(1) of this section

11

Case No. 2023-P-0082

are the purposes for which the executive session is to be held, but need not include the name of any person to be considered at the meeting."

## *Count 31*

{¶48} Count 31 involves the board's moving to hold an executive session "to consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of a public employee or official, or the investigation of charges or complaints against a public employee, official, licensee, or regulated individual." Mr. Ames argues that the board's identification of multiple purposes violates R.C. 121.22(G)(1) based on this court's decisions in *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2019-Ohio-3729, 144 N.E.3d 1010 (11th Dist.), and *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2019-Ohio-3730, 132 N.E.3d 729 (11th Dist.), colloquially known as the "laundry list" cases. However, the Supreme Court of Ohio's more recent decision in *Hicks* is the controlling precedent.

{¶49} In *Hicks*, a public body convened executive sessions on motions to consider "the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of one or more public employees" under R.C. 121.22(G)(1). *Id.* at ¶ 3. The relator filed a complaint alleging that the public body violated the OMA by repeatedly entering executive session after passing motions that included a "laundry list" of reasons rather than identifying the specific issues it intended to discuss. *Id.* at ¶ 2.

{¶50} The Supreme Court explained that R.C. 121.22 "never says that a public body must discuss every single topic that it includes in its motion to enter executive session." *Id.* at ¶ 34. Rather, under R.C. 121.22(G), the public body "may not discuss any additional topics that are not included in its motion to enter executive session." *Id.*

12

Under R.C. 121.22(G)(1), "before executive session begins, the public body must state the intended statutory purpose or purposes of the executive session." *Id.* "The public body might not know before it enters executive session exactly what will be discussed during the session." *Id.* at ¶ 35. Therefore, "[a] public body must be able to introduce a motion that includes all the topics it might reasonably discuss during an executive session." *Id.* at ¶ 36.

{¶51} The court further held that "[t]he presumption of regularity attaches to public officers, administrative officers, and public boards acting within their official capacities or performing their official duties." *Id.* at ¶ 22. "Under the presumption of regularity, absent evidence to the contrary, courts should presume that a public body in executive session discussed the topics stated in its motion to enter executive session and did not discuss any matters not stated in the motion. * * * It is the plaintiff's burden to prove otherwise." *Id.* Because the relator "presented no evidence showing that the board did not discuss all the topics included in its motion to enter executive session, and because there is no rule that the board must discuss every topic included in its motion," the relator was not entitled to summary judgment. *Id.* at ¶ 37.

{¶52} Here, as in *Hicks*, Mr. Ames presented no evidence at trial showing that the board did not discuss all the topics stated in its motion, and the board was not legally required to discuss every topic. *See id.* at ¶ 37. Therefore, Mr. Ames did not meet his burden of proving the violation alleged in count 31. *See id.* at ¶ 24.

{¶53} Mr. Ames contends that the board's admission that it "did not intend to consider the *compensation* of a *licensee or regulated individual*" was sufficient to overcome the presumption of regularity. (Emphasis added.) However, the board's

13

motion did not identify the "compensation" of a "licensee or regulated individual" as a reason for its executive session. As quoted above, the board's motion identified "the investigation of charges or complaints" against a "licensee or regulated individual." The motion identified the "compensation" of a "public employee or official." Thus, the board's admission did not provide evidentiary support for the violation alleged in count 31.

{¶54} Mr. Ames further argues that the board "has no regulated individuals against which it may investigate charges and complaints," quoting the statutory definition of "regulated individual" in R.C. 121.22(B)(3). Mr. Ames did not cite this definition in his trial brief or at trial. Although he informed the trial court that he did not "believe" the board has any "regulated individuals," he did not support his stated belief with any evidence.

{¶55} Accordingly, the trial court did not err by granting judgment to the board on count 31. Mr. Ames' third assignment of error is without merit.

### *Additional Counts*

{¶56} Mr. Ames' 20 additional executive sessions claims involve the board's moving to hold executive sessions to consider matters involving "a public employee, official, licensee, or regulated individual" or, in some instances, "a public employee *or* official, licensee, or regulated individual." (Emphasis added.) The matters listed for consideration were appointment (two counts), compensation (seven counts), dismissal (four counts), employment (two counts) employment and dismissal (one count), compensation and dismissal (one count), employment and compensation (one count), discipline and dismissal (one count), and employment, dismissal, promotion, demotion (one count).

14

{¶57} For example, counts 10 and 11 involved the board moving to hold executive sessions "to consider the appointment of a public employee, official, *licensee, or regulated individual*." (Emphasis added.) The trial court found that "appointment" is a permitted purpose under R.C. 121.22(G)(1) regarding a "public employee" or "official." However, "appointment" is not a permitted purpose regarding a "licensee" or "regulated individual." This is because the statute only permits executive session to consider "the investigation of charges or complaints against" a "licensee" or "regulated individual." The trial court concluded that "when the public body's motion to enter executive session is based upon an approved purpose and an unapproved one, the motion is based upon an unapproved purpose." According to the court, "to hold otherwise would offend the principle of R.C. 121.22(C) that all public meetings be open unless an express exception under the statute applies."

{¶58} We find no error in the trial court's reading of the statute. As stated, R.C. 121.22(G)(1) provides that "[i]f a public body holds an executive session pursuant to division (G)(1) of this section, the motion and vote to hold that executive session shall state which *one or more of the approved purposes* listed in division (G)(1) of this section are the purposes for which the executive session is to be held * * *." (Emphasis added.) Stated differently, "a motion to enter executive session and the minutes must contain the *statutory reason* for entering executive session." (Emphasis sic.) *Hicks* at ¶ 32; *see Jones v. Brookfield Twp. Trustees*, 11th Dist. Trumbull No. 92-T-4692, 1995 WL 411842, *3 (June 30, 1995) ("R.C. 121.22(G)(1) specifically provides that the motion to hold an executive session must refer to *one of the purposes stated in the division itself*.")

15

Case No. 2023-P-0082

(Emphasis added.) Implicit in this requirement is a prohibition against stating a *non-statutory* reason.

{¶59} This court has described R.C. 121.22(G)(1) as a "notice requirement," *Jones* at *3, the purpose of which is "to establish that an executive session was properly convened." *State ex rel. Ames v. Brimfield Twp. Bd. of Trustees*, 2019-Ohio-4926, 149 N.E.3d 933, ¶ 29 (11th Dist.). "Otherwise, the purpose and intent of the OMA is circumvented absent the filing of a lawsuit to discover the reasoning for entering an executive session." *Id.*

{¶60} The Supreme Court of Ohio and this court have treated violations of R.C. 121.22(G)(1) as independent OMA violations. For instance, in *State ex rel. Long v. Cardington Village Council*, 92 Ohio St.3d 54, 748 N.E.2d 58 (2001), "the minutes reflect[ed] that respondents often failed to specify *the appropriate statutory purpose or purposes* before conducting private, i.e., executive sessions." (Emphasis added.) *Id.* at 59. The Supreme Court of Ohio held that "[b]y using general terms like 'personnel' and 'personnel and finances' instead of one or more of the *specified statutory purposes*, respondents violated R.C. 121.22(G)(1)." (Emphasis added.) *Id.*

{¶61} In *Jones*, this court held that "a reference to 'police personnel issues' does not technically satisfy [the R.C. 121.22(G)(1)] requirement because it does not specify which of the *approved purposes* [dismissal or demotion] was applicable in this instance." (Emphasis added.) *Id.* at *3.

{¶62} In *Bode v. Concord Twp.*, 2019-Ohio-5062, 137 N.E.3d 1245 (11th Dist.), this court found that a township board of trustees violated R.C. 121.22(G)(1) because its minutes did not state *any* reasons for entering executive sessions. *Id.* at ¶ 101.

16

**{¶63}** Here, it is undisputed that the board's motions to hold executive sessions expressly identified the consideration of matters regarding a "licensee" or "regulated individual" that are not permitted reasons under R.C. 121.22(G)(1). Based on the foregoing precedent, the board's actions violated R.C. 121.22(G)(1).

**{¶64}** The Supreme Court of Ohio's decision in *Hicks* does not require a contrary conclusion. That case involved a public body identifying multiple statutory reasons in its motions to hold executive sessions. *See id.* at ¶ 2. Unlike here, there was no allegation that the public body identified non-statutory reasons in its motions.

**{¶65}** Further, in *Hicks*, the presumption of regularity attached, presumably because all of the public body's stated reasons were permitted reasons under 121.22(G)(1). *See id.* at ¶ 20, quoting the appellant's second proposition of law ("'When a public body goes into executive session for a *permitted reason* under R.C. 121.22(G)(1), it is *presumed* to have acted lawfully during that executive session.'") (Emphasis added.) Here, the board's stated reasons included nonpermitted reasons. Thus, the presumption of regularity either did not attach or was rebutted. The board's violations are apparent on the faces of its motions.

**{¶66}** The board contends that its motions "inadvertently" included the "superfluous" terms "licensee" and "regulated individual." However, the board presented no evidence to establish this assertion. In addition, the OMA does not excuse "harmless" violations. Rather, R.C. 121.22(I)(3) expressly provides that "[i]rreparable harm and prejudice to the party that sought the injunction shall be conclusively and irrebuttably presumed upon proof of a violation or threatened violation of this section."

17

**{¶67}** The board also notes that there is no allegation that it actually considered any impermissible matters during its executive sessions. This may have been a relevant consideration if Mr. Ames had alleged that the board held "closed" meetings in violation of R.C. 121.22(A) and/or (C). As explained above, however, Mr. Ames' claims involve the board's inclusion of non-statutory purposes in its motions to hold executive sessions in violation of R.C. 121.22(G)(1).

**{¶68}** Accordingly, the trial court did not err by granting judgment to Mr. Ames on his 20 additional executive sessions claims. The board's first and second cross-assignments of error are without merit.

### Meeting Minutes Claims

**{¶69}** Finally, in his fourth assignment of error, Mr. Ames contends that the trial court erred by granting judgment to the board on his meeting minutes claims.

**{¶70}** R.C. 121.22(C) requires a public body to prepare, file, and maintain minutes of its meetings. *Long*, 92 Ohio St.3d at 56, 748 N.E.2d 58. The Supreme Court of Ohio has held that "full and accurate minutes must contain *sufficient facts and information* to permit the public to understand and appreciate the *rationale* behind the relevant public body's *decision*." (Emphasis added.) *State ex rel. White v. Clinton Cty. Bd. of Commrs.*, 76 Ohio St.3d 416, 424, 667 N.E.2d 1223 (1996). "The minutes need only reflect the general subject matter of discussions in executive sessions authorized under division (G) or (J) of [R.C. 121.22]." R.C. 121.22(C).

**{¶71}** Mr. Ames argues that the board's meeting minutes are not full and accurate under *White* because they do not state both the board's "stated purpose" and its "true intent" for holding executive sessions. *White* says nothing about a public body's "true

18

intent." In *Hicks*, by contrast, the Supreme Court of Ohio held that "the only thing that the public body is required to record in its executive-session minutes is the *statutorily permitted reason* for the executive session." (Emphasis added.) *Id.* at ¶ 17. Here, the board stated specific reasons for holding executive sessions. The problem is the board included reasons that are not statutorily permitted. Although the board's conduct violated R.C. 121.22(G)(1), it did not render the board's minutes inaccurate.

{¶72} Accordingly, the trial court did not err by granting judgment to the board on Mr. Ames' meeting minutes claims. Mr. Ames' fourth assignment of error is without merit.

{¶73} For the foregoing reasons, the judgments of the Portage County Court of Common Pleas are affirmed.


EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.